UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
      :
**KATHY EWA**,
      :

                    Plaintiff,      :  **ORDER**

      :  25-CV-3405 (AMD) (PK)
      – against –
      :

**RON VACHRIS, CEO OF COSTCO; SCOTT**  :
**HUDSON, CEO GALLAGHER BASSETT**
**SERVICES,**      :

      :
                    Defendants.
      .
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On June 25, 2025, the Court granted the *pro se* plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the complaint without prejudice for lack of subject matter jurisdiction and with leave to file an amended complaint within 30 days. (ECF No. 5.) The plaintiff filed an amended complaint on July 18, 2025. (ECF No. 6.) For the reasons that follow, the amended complaint is dismissed without prejudice.

## BACKGROUND

The plaintiff alleges that she "sustained pain and swelling" in her right ankle after someone hit her with a shopping cart at a Costco store on July 18, 2022. (ECF No. 6 at 6, 8.) She brings suit against Costco's CEO, its insurer, and an employee of the law firm that originally agreed to represent her but then terminated the representation. (*Id.* at 5.) The plaintiff does not

specify the claims she asserts or the basis for the Court's jurisdiction.[1]  The plaintiff seeks $50,000,000 in damages.  (*Id.*)

## LEGAL STANDARD

An amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).  Moreover, Federal Rule of Civil Procedure 8 requires a plaintiff to provide facts sufficient to allow each defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000))

Because the plaintiff is proceeding *pro se*, the Court construes her complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and interprets it to raise "the strongest arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (cleaned up); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even

---

[1] In the original complaint, the plaintiff invoked the Court's diversity jurisdiction and asserted claims for "improper egress," which the Court construed as a tort claim, and "conspiracy against rights," citing 18 U.S.C. 241.  (ECF No. 5 at 1.)

after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court must dismiss an IFP action *sua sponte* if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction when it "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))). It is the plaintiff's burden to establish that the Court has diversity jurisdiction or federal question jurisdiction. *See Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Goddard v. Fiore*, No. 24-CV-5943, 2024 WL 4515284, at *1 (E.D.N.Y. Oct. 17, 2024). Because the plaintiff cannot establish that the Court has subject-matter jurisdiction over this action, the Court must dismiss it.

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when the plaintiff's well-pleaded complaint "'necessarily raise[s]' a 'substantial' and 'actually disputed' federal question." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013)). The plaintiff's cause of action for personal

3

injury arises under state, not federal, law, and the amended complaint does not raise any substantial or actually disputed federal questions.  *See, e.g.*, *Wang v. Home Depot U.S.A., Inc.*, No. 23-CV-08995, 2025 WL 1582251, at *3 (E.D.N.Y. June 4, 2025) (personal injury claim related to event in a Home Depot store arose under state tort law).  Accordingly, the Court does not have federal question jurisdiction over this action.

Diversity jurisdiction, by contrast, requires that the plaintiff allege complete diversity of citizenship between the plaintiff and the defendants and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012).  The plaintiff does not properly invoke the Court's diversity jurisdiction.  First, the amended complaint now names Ms. Cohetero as a defendant, and alleges that she is a citizen of New York.  (ECF No. 6 at 3.)  Because the plaintiff and Ms. Cohetero are both citizens of New York, the parties are not completely diverse, and the Court does not have diversity jurisdiction over this order.

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, close the action, mail a copy of this Order to Plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                s/Ann M. Donnelly
                                                          ANN M. DONNELLY
                                                          United States District Judge

Dated:  Brooklyn, New York
          August 6, 2025